*E-Filed 1/26/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SCOTT EDWARD HAYDEN, | No. C 09-6053 RS (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| R. GROUNDS, Warden, | |
| Respondent. | |

**INTRODUCTION**

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons set forth below, the petition is DENIED.

**BACKGROUND**

In 1992, a San Bernardino Superior Court jury convicted petitioner of second degree murder and found true a sentencing enhancement, consequent to which he was sentenced to sixteen years-to-life in state prison. In 2008, the Board of Parole Hearings ("Board") found petitioner suitable for parole, a decision reversed by the Governor of California later that same year. The Governor based his reversal on grounds that the factors of unsuitability outweighed those of suitability. In response to the Governor's decision, petitioner sought,

though was denied, relief on state collateral review.  This federal habeas petition followed.  As grounds for federal habeas relief, petitioner alleges that the Governor (1) violated his state and federal due process rights because his decision was not based on sufficient evidence that petitioner is currently dangerous; and (2) used the incorrect standard of review in violation of petitioner's state and federal rights to due process.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id*. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively

unreasonable." *Id*. at 409.

## DISCUSSION

Petitioner claims that the Governor's decision violated his right to due process because it was not supported by some evidence of current dangerousness. Case law does not support petitioner's claim. "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U. S. 1, 7 (1979). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication — and federal courts will review the application of those constitutionally required procedures." *Swarthout v. Cooke*, No. 10-333, slip op. 1 at 4 (U.S. January 24, 2011). The procedures required are "minimal." *Id.* A prisoner received adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons why." *Id.* at 4–5. "The Constitution does not require more." *Greenholtz*, 442 U.S. at 16. Accordingly, when a federal habeas court has determined that the minimal required procedures were afforded, its inquiry is at an end, whether the parole decision was made by the Board or the Governor. *Cooke*, No. 10-333, slip op. at 5.

In the instant matter, petitioner received at least the required amount of process. The record shows that he was allowed to speak at his parole hearing and to contest the evidence against him, that he had received his records in advance, and that he was notified as to the reasons parole was denied. Having found that petitioner received these procedural requirements, this federal habeas court's inquiry is at an end. Petitioner's claim that the Governor's decision did not comply with California's "some evidence" rule of judicial review, and that he was denied due process because the Governor did not use the correct standard of proof, are of "no federal concern," and are hereby DENIED. *Id.* at 6. Based on the foregoing, the petition is DENIED.

**CONCLUSION**

The state court's denial of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: January 26, 2011

RICHARD SEEBORG
United States District Judge